Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005534
26-FEB-2016
08:41 AM

NO. CAAP-13-0005534

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDMUND M. ABORDO, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY ("DPS"),
STATE OF HAWAI'I, Defendant-Appellee
and
CEDRIC AH SING, Plaintiff-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2116)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)

Plaintiff-Appellant Edmund M. Abordo (Abordo), *pro se*, appeals from the Judgment entered in favor of Defendant-Appellee Department of Public Safety, State of Hawai'i (DPS). Abordo and Cedric Ah Sing (Ah Sing) filed a "Petition for Post-Conviction Relief" (Petition), purportedly pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). The Circuit Court of the First Circuit (Circuit Court) ruled that the Petition filed by Abordo and Ah Sing did not assert a basis for relief under HRPP Rule 40, and it ordered that the Petition be treated as a civil

complaint, as provided by HRPP Rule 40(c)(3).[1] The case was subsequently removed to the United States District Court for the District of Hawai'i, then transferred to the United States District Court for the District of Arizona (Arizona District Court). The Arizona District Court dismissed all federal claims with prejudice for failure to state a claim under 42 U.S.C. § 1983, denied supplemental jurisdiction over the remaining state law claims, and remanded the state law claims to the Circuit Court.

After the case was remanded, the DPS filed a motion to dismiss Abordo's and Ah Sing's complaint, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6) (2000), for failure to state a claim upon which relief can be granted. The Circuit Court granted the DPS's motion to dismiss, and it entered its Judgment on November 19, 2013.

We construe Abordo's opening brief, which contains arguments that are somewhat difficult to follow, to assert the following basic contentions: the Circuit Court erred in: (1) converting the Petition into a civil complaint; (2) allowing his case to be removed to federal court; (3) denying his request to continue the hearing on the DPS's motion to dismiss; and (4) granting the DPS's motion to dismiss.[2] We affirm the Circuit Court's Judgment.[3]

---

[1] HRPP Rule 40(c)(3) provides in relevant part:

(3) SEPARATE CAUSE OF ACTION. If a post-conviction petition alleges neither illegality of judgment nor illegality of post-conviction "custody" or "restraint" but instead alleges a cause of action based on a civil rights statute or other separate cause of action, the court shall treat the pleading as a civil complaint not governed by this rule.

[2] The Honorable Richard K. Perkins entered the order converting the Petition to a civil complaint, and the Honorable Karen T. Nakasone entered the order granting the DPS's motion to dismiss.

[3] We note that the Notice of Appeal purports to assert an appeal by both Abordo and Ah Sing. However, Ah Sing did not sign the notice of appeal, Abordo is not a lawyer, and we conclude that Abordo cannot represent Ah Sing in this appeal. See Hawaii Revised Statutes (HRS) §§ 605-2 and 605-14. Accordingly, Ah Sing has not appealed from the Circuit Court's Judgment, and we limit our consideration to an appeal only by Abordo.

I.

We resolve Abordo's contentions on appeal as follows:

1.  Abordo's Petition did not challenge the validity of his convictions or sentence. To the extent that the Petition raised a claim that Abordo's post-conviction custody or restraint was illegal, that claim was rendered moot by Abordo's release from custody.[4] Because any claim by Abordo in the Petition that could possibly have been raised pursuant to HRAP Rule 40 is moot, we conclude that Abordo is not entitled to relief on his contention that the Circuit Court erred in converting the Petition into a civil complaint.

2.  Abordo's contention that the Circuit Court erred in allowing his case to be removed to federal court is without merit. Whether the case was properly removed was a decision for the federal court, not the Circuit Court. See 28 U.S.C. §§ 1441, 1446-1447.

3.  The Circuit Court did not abuse its discretion in denying Abordo's request to continue the hearing on the DPS's motion to dismiss. Abordo did not file a response to the DPS's motion to dismiss or request a continuance prior to the hearing. Abordo explained this failure by stating that he had been busy with work and school. At the hearing, Abordo requested that the Circuit Court permit him to orally present his opposition to the motion to dismiss, or in the alternative, to continue the hearing so that he could file a written opposition. The Circuit Court permitted Abordo to orally present his opposition to the motion to dismiss. Under these circumstances, we conclude that the Circuit Court did not abuse its discretion.

4.  The Circuit Court did not err in granting the DPS's motion to dismiss pursuant to HRCP Rule 12(b)(6) for

_____

[4] The DPS represents, and Abordo does not dispute, that Abordo was released from custody on January 15, 2013, before his state claims were remanded by the Arizona District Court to Circuit Court. The record reflects that Abordo appeared in person at the hearing on the DPS's motion to dismiss held on October 16, 2013, and told the Circuit Court that he was working and going to school.

3

failure to state a claim for relief. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief." Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013) (block quote format altered; citation omitted). In reviewing a trial court's order dismissing a complaint for failure to state a claim, "the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true." Id. (block quote format altered; brackets and citation omitted). The court, however, "is not required to accept conclusory allegations on the legal effect of the event alleged[,]" id. (internal quotation marks and citation omitted), and "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Pavsek v. Sandvold, 127 Hawaiʻi 390, 403, 279 P.3d 55, 68 (2012) (block quote format altered; citation omitted).

Based on our review of the allegations set forth in Abordo's Petition, we conclude that the Circuit Court properly granted the DPS's motion to dismiss. Abordo's allegations were largely conclusory, and he failed to allege sufficient facts to support a claim for relief on his state law claims. See Kealoha, 131 Hawaiʻi at 79, n.26, 315 P.3d at 230 n.26 (concluding that plaintiffs' broad and conclusory allegations were insufficient to survive a motion to dismiss).

Abordo's apparent theory was that the DPS violated the Hawaii Public Procurement Code (Procurement Code), HRS Chapter 103D, rendering its agreement regarding the incarceration of Hawaiʻi prisoners in Arizona at the Saguaro Correctional Center (SCC) illegal, which in turn meant that his custody was illegal and that SCC officials should not be able to exercise authority over him. However, Abordo lacked standing to pursue an action based on a violation of the Procurement Code and his claims that were based on an alleged violation of the Procurement Code failed to state a claim for relief. See HRS §§ 103D-701, -704 (2012);

4

District Council 50, of Intern. Union of Painters and Allied Trades v. Saito, 121 Hawai'i 182, 189-90, 216 P.3d 108, 115-16 (App. 2009) (concluding that plaintiffs lacked standing to bring an action under the Procurement Code). Abordo also alleged that SCC guards[5] retaliated against him for filing law suits and failed to afford him due process, but did not allege any facts showing a basis for holding the DPS liable for the alleged actions of the SCC guards. We conclude that Abordo failed to state a valid claim for relief on his state law claims.

II.

For the foregoing reasons, we affirm the Circuit Court's Judgment.

DATED: February 26, 2016, at Honolulu, Hawai'i.

On the briefs:

Edmund M. Abordo
Cedric Ah Sing
Petitioners-Appellants
Pro Se

April Luria
Jodie D. Roeca
(Roeca Luria Hiraoka LLP)
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge

---

[5] The record indicates that the SCC guards were employed by the Corrections Corporation of America.

5